IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JUAN LIVERMON,

        Plaintiff,

v.                                        Civil Action No. 3:24cv763

D. JABLONSKI, *et al.*,

        Defendants.

## MEMORANDUM OPINION

This matter comes before the Court on *pro se* Plaintiff Juan Livermon's Notice of Appeal and Motion for Reconsideration (the "Motion for Reconsideration" or "Motion"). (ECF No. 10.) The Court will construe Mr. Livermon's Motion as a Motion for Reconsideration under Federal Rule of Civil Procedure 59(e) in light of Mr. Livermon's *pro se* status and the fact that he filed the Motion within twenty-eight days of the Court's November 21, 2024 Order dismissing his case. For the reasons articulated below, the Court will deny the Motion.

### I. Procedural Background

On March 26, 2024, Mr. Livermon filed the original Complaint in the United States District Court for the Eastern District of Virginia, Newport News Division. (ECF No. 4.) On September 24, 2024, the Court ordered Mr. Livermon to file an Amended Complaint after finding that the original Complaint did "not clearly identify the particular legal claims that the plaintiff seeks to assert against each defendant in this action or the specific factual basis for such claims", citing Federal Rule of Civil Procedure 8. (ECF No. 5, at 1, 3.) On October 23, 2024, Mr. Livermon filed an Amended Complaint and a Motion to Transfer Venue to the United States District Court for the Eastern District of Virginia, Richmond Division. (ECF No. 6, at 1.) On October 29, 2024, the Court granted Mr. Livermon's Motion to Transfer Venue. (ECF No. 8.)

On November 21, 2024, this Court dismissed Mr. Livermon's Amended Complaint without prejudice, finding that the Amended Complaint "d[id] not comply with the clear instructions set forth in the Court's September 24, 2024 Order, which ordered that the Amended Complaint comply with the federal pleading standards in Federal Rule of Civil Procedure 8[.]" (ECF No. 9, at 1.) Twenty-seven days later, Mr. Livermon timely filed the Motion for Reconsideration. (ECF No. 10.) In his Motion for Reconsideration, Mr. Livermon seeks reinstatement of his Amended Complaint. (ECF No. 10, at 2.)

## II. Standard of Review

Because Mr. Livermon proceeds *pro se*, the Court liberally construes his filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal quotation marks and citations omitted)). "This principle of liberal construction, however, has its limits." *Suggs v. M & T Bank*, 230 F. Supp. 3d 458, 461 (E.D. Va. 2017), *aff'd sub nom. Suggs v. M&T Bank*, 694 F. App'x 180 (4th Cir. 2017). A *pro se* plaintiff must allege facts sufficient to state a cause of action. *Bracey v. Buchanan*, 55 F. Supp. 2d 416, 421 (E.D. Va. 1999) (citation omitted). The Court cannot act as a *pro se* litigant's "advocate and develop, *sua sponte*, statutory and constitutional claims that the [litigant] failed to clearly raise on the face of [the] complaint." *Newkirk v. Circuit Ct. of Hampton*, No. 3:14cv372 (HEH), 2014 WL 4072212, at *1 (E.D. Va. Aug. 14, 2014).

## III. Analysis

Mr. Livermon's Motion for Reconsideration fails to justify a reversal of this Court's November 21, 2024 Order. (ECF No. 9.)

### A. Mr. Livermon's Claims Do Not Require an Extraordinary Remedy As Provided for in Rule 59(e)

Mr. Livermon's Motion for Reconsideration, although timely filed, solely rests on disagreement with the Court's prior decisions, and because he attempts to relitigate previously presented arguments, he fails to demonstrate a need for the extraordinary remedy Federal Rule of Civil Procedure 59(e) provides.

#### 1. Standard of Review: Rule 59(e)

Federal Rule of Civil Procedure 59(e) states, "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). "[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citation omitted) (internal quotation marks omitted). "The Rule 59(e) motion may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Id.* (quoting 11 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2810.1, at 127–28 (2d ed. 1995)). In short, "[a] party's mere disagreement with the court's ruling does not warrant a Rule 59(e) motion[.]" *Smith v. Donahoe*, 917 F. Supp. 2d 562, 572 (E.D. Va. 2013) (citing *Pac. Ins. Co.*, 148 F.3d at 403). Rule 59(e) does not "give an unhappy litigant one additional chance to sway the judge." *Durkin v. Taylor*, 444 F. Supp. 879, 889 (E.D. Va. 1977) (observing that plaintiff's brief in support of his motion to alter or amend the judgment was "no more than an expression of a view of the law contrary to that set forth in the Court's opinion," and thus the court had no proper basis to alter or amend its previous order). "[T]he purpose of [a] Rule 59(e) motion is to allow a district court to correct its own errors,

sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." *Smith*, 917 F. Supp. 2d at 572 (internal quotation marks and citations omitted).

The United States Court of Appeals for the Fourth Circuit recognizes three grounds for relief under Federal Rule of Civil Procedure 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing *Weyerhauser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991).

Given Mr. Livermon's *pro se* status, the Court considers whether the Motion addresses a change in controlling law, the emergence of new evidence, or the prevention of manifest injustice—the three grounds for relief under Rule 59(e). *See id.* (citations omitted); *Bracey*, 55 F. Supp. 2d at 421.

### 2. The Court Must Deny the Motion for Reconsideration Because it Fails to Satisfy Any of the Three Requirements under Rule 59(e)

Mr. Livermon's Motion for Reconsideration falters on all three grounds for relief under Rule 59(e). First, Mr. Livermon does not argue that there has been "an intervening change in controlling law" since this Court's decision on November 21, 2024. *See Hutchinson*, 994 F.2d at 1081 (citations omitted). Second, he does not argue that there is any new evidence that was not previously available. *See id.* Third and finally, Mr. Livermon fails to demonstrate a need to "correct a clear error of law or prevent manifest injustice." *Id.* As such, he fails to establish that this Court has erred in its ruling on the law.

To properly plead a Rule 59(e) motion, Mr. Livermon must state "more than an expression of a view of the law contrary to that set forth in the Court's opinion." *See Durkin*, 444 F. Supp. at 889. He does not. Because the Motion for Reconsideration cannot meet any of the three grounds

4

for relief under Rule 59(e), modification of the Court's November 21, 2024 Order would be an "extraordinary remedy" unwarranted in this case. *See Pac. Ins. Co.*, 148 F.3d at 403.

### IV. Conclusion

For the foregoing reasons, the Court will deny Mr. Livermon's Motion for Reconsideration. (ECF No. 10.)

An appropriate Order shall issue.

Date: 1/13/25  
Richmond, Virginia

/s/  
M. Hannah Lauck  
United States District Judge

5